IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **JAMES R. GRAHAM**<br>2608 Deep Run Church Road<br>Deep Run, North Carolina 28525<br>    Plaintiff, | :<br><br>:<br><br>: |
| vs. | :    Case Number: 4:05-cv-138 H(3)<br>         Judge: |
| **MURPHY BROWN**<br>Barney Town Road<br>Pleasant Hill, North Carolina<br>    Defendants. | :<br><br>:<br>: |

## COMPLAINT

**COMES NOW** Plaintiff, James Graham, Pro se, on behalf of himself and states as follows:

### JURISDICTION

1. The jurisdiction of this court to hear these matters is properly invoked by Plaintiff pursuant to 28 U.S.C. §1331, together with 42 U.S.C. § 1983, negligent hiring and retention, and intentional infliction of emotional distress. Specifically, this is a complaint stating causes of action under Title VII of the Civil Rights Act, alleging discriminatory treatment of Plaintiff in his employment with Defendant on the basis of his race.

2. Venue is proper based upon the fact that the Plaintiff resides and works in State of North Carolina. Defendant, Murphy Brown is a corporation licensed and doing business in the State of North Carolina and the conduct that gives rise to the claims alleged herein occurred within the State of North Carolina.

## PARTIES

3. Plaintiff James Graham began his employment as a Land Technician with Defendant in 2000.

4. At all times relevant herein, the Plaintiff's supervisors, acting as agents for Defendant Murphy Brown, were state actors within the meaning of 42 U.S.C. § 1983.

## ADMINISTRATIVE PROCEEDINGS

5. Within the time prescribed by law, Plaintiff filed with the Equal Employment Opportunity Commission a complaint of discrimination and retaliation against the Defendant Murphy Brown.

6. Plaintiff has exhausted his administrative remedies with in that such charges were subject to a final decision by the Equal Employment Opportunity Commission, which found probable cause to believe the acts complained of had occurred within ninety days of the filing of this Complaint.

## FACTS

7. Plaintiff has been employed as a Land Technician since June 2000.

8. Beginning on or about December, 2001 and continuing until May 20, 2004 Plaintiff was discriminated against on the basis of his race in the form of being subjected to repeated instances of racial slurs, as well as being forced to work in an environment that became increasingly hostile as a result of the same conduct.

9. The acts constituting the racial discrimination against Plaintiff were perpetrated by both Plaintiff's co-workers and supervisors, among whom included, but was not limited to, his immediate supervisor Kay Barbee, and co-worker Darrly King

2

10. On several occasions, including December of 2003, Plaintiff filed complaints with the Management of the Plant, as well as the office of Human Resources in addition to registering a number of complaints orally with his immediate supervisor.

11. Ultimately on May 20, 2004, Plaintiff was fired without cause and in retaliation for making complaints concerning the harassment and racial discrimination occurring in the course of his employment.

## COUNT I
## VIOLATION OF EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, 42 U.S.C. § 1983

12. The Plaintiff restates, realleges, and incorporates by reference the averments set forth in paragraphs 1 through 12 as if fully set forth herein.

13. All the forgoing conduct herein alleged constitutes violations of the equal protection clause of the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. § 1983.

14. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and the injunctive relief sought in this action is the only means of securing complete and adequate relief Plaintiff are now suffering and will continue to suffer irreparable injury from the Defendant's discriminatory acts and omissions.

15. These actions and circumstances on the part of Defendant evidence and illustrate a prevalent, continuous and pervasive pattern of condoning racial discrimination against the Plaintiff that amounted to a custom, practice and policy of the Defendant, which in turn has caused, and continues to cause, plaintiff to suffer humiliation, embarrassment, mental anguish, pain and suffering.

3

16. Defendant's actions resulted in their failure to properly investigate and address Plaintiff's allegations of racial slurs and harassment, and in effect acquiesced to the harassment and discriminatory conduct. The malfeasance and nonfeasance on the part of Plaintiff's immediate supervisor, the Department supervisor and the plant management amounted to an accepted custom, practice and policy of the Defendant.

18. As a result, the actions and inactions of the supervisors, who were acting as agents for the Defendant, Murphy Brown, amounted to a conscious failure of the actors to protect Plaintiff from intentional conduct, and the abusive condition created by his fellow employees and supervisors, and demonstrated a deliberate indifference to Plaintiff's federal and state protected rights. In fact, in many instances, the racial harassment occurred at the direction of supervisors and with their express consent. The Defendants conduct was so severe that it resulted in the deprivation of Plaintiff's liberties, thereby restricting Plaintiff's movement in the employment area.

17. Further, in light of the repeated complaints filed with the Plant's management, and the oral reports given to the senior management, Defendant's senior management were sufficiently apprised and on notice of the abuse endured by Plaintiff. As such, for those racially harassing incidents that occurred after such notice was given demonstrates a failure by Defendant to protect the Plaintiff from further abuse. In this regard, the senior management's failure to act is evidence of a racially discriminatory and hostile work environment that was condoned at the level of agents acting under the color of law.

18. Defendant did the acts herein alleged intentionally and with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. The Plaintiffs restates, realleges, and incorporates by reference the averments set forth in paragraphs 1 through 20 as if fully set forth herein.

20. All the foregoing conduct herein alleged constitutes intentional infliction of emotional distress.

21. Plaintiff have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and the injunctive relief sought in this action is the only means of securing complete and adequate relief Plaintiffs are now suffering and will continue to suffer irreparable injury from the Defendant's discriminatory acts and omissions.

22. These actions and circumstances on the part of Defendant evidence and illustrate intentional or reckless conduct that was extreme and outrageous and beyond all bounds of decency so as to shock the conscience of all reasonable people, which was the proximate and cause in fact of plaintiff's severe emotional distress, humiliation, embarrassment, mental anguish, pain and suffering.

23. Defendant did the acts herein alleged intentionally and with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff.

## COUNT III
## NEGLIGENT SUPERVISION AND RETENTION

24. The Plaintiffs restates, realleges, and incorporates by reference the averments set forth in paragraphs 1 through 52 as if fully set forth herein.

25. All the foregoing conducts herein alleged constitutes negligent supervison and retention.

26. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs

alleged herein and the injunctive relief sought in this action is the only means of securing complete and adequate relief Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's discriminatory acts and omissions.

27. These actions and circumstances on the part of Defendant evidence and illustrate a prevalent, continuous and pervasive pattern of condoning racial discrimination and harassment against the Plaintiff that amounted to a custom, practice and policy of the Defendant, which in turn has caused, and continues to cause, plaintiff to suffer humiliation, embarrassment, mental anguish, pain and suffering.

28. Defendant's actions resulted in their failure to properly investigate and address Plaintiff's allegations of racial discrimination and harassment and in effect acquiesced to the discriminatory conduct. The malfeasance and nonfeasance on the part of Plaintiff's immediate supervisor, the Department supervisor and the plant manager amounted to an accepted custom, practice and policy of the Defendant. The supervisors of Defendant failed to take any meaningful remedial action.

29. As a result, the actions and inactions of the supervisors, who were acting as agents for the Defendant, amounted to a conscious failure of the Defendant to protect Plaintiff from intentional conduct, and the abusive condition created by her fellow employees and supervisors, and demonstrated a deliberate indifference to Plaintiff's federal and state protected rights. In fact, in many instances, the racial discrimination, harassment and retaliation occurred at the direction of supervisors and with their express consent.

30. Further, in light of the repeated complaints filed with the Plant's management, and the oral reports given to the senior management, Defendant's senior management were sufficiently apprised and on notice of the abuse endured by Plaintiff. As such, for those racially

harassing incidents that occurred after such notice was given demonstrates a failure by Defendant's officials to protect the Plaintiff from further abuse. In this regard, the senior management's failure to act is evidence of a discriminatory and hostile work environment that was condoned at the level of Defendant's agents acting under the color of law.

31.     Defendant did the acts herein alleged intentionally and with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff. and pervasive pattern of condoning racially discriminatory harassment and retaliation against the Plaintiff that amounted to a custom, practice and policy of the Defendant, which were un-welcomed by Plaintiff and was done with the purpose and effect of creating an intimidating. hostile and offensive work environment.

32.     Such practices constitute a continuing violation under 42 U.S.C. § 2000e-2.

### DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demand that this Honorable Court provide for relief as follows:

1. Compensatory damages which Plaintiff, has sustained as a result of the Defendants' illegal discriminatory conduct for emotional distress, humiliation, embarrassment, mental anguish, pain and suffering in the amount of Fifteen Million Dollars ($15,000,000.00).

2. Punitive damages for its willful and malicious violation of Federal and State Civil Rights laws in the amount of Fifteen Million Dollars ($15,000,000.00).

3. A preliminary and permanent injunction against Defendant Murphy Brown its' supervisors, agents, employees, representatives and all other persons acting in concert on behalf of the Defendant, from engaging in the heretofore mentioned unlawful practices. patterns. policies and customs.

4. Declaratory judgments that the practices herein complained of are unlawful and violate of 42 U.S.C. § 1983.

5. All cost included herein, including all reasonable attorney fees, plus pre and post judgment interest.

6. Such other relief as this Honorable court deems just.

### PLAINTIFF REQUEST TRIAL BY JURY

**Respectfully submitted,**

X *[signature]*
James R. Graham
2685 Deep Run Church Road
Deep Run, North Carolina 28525
Pro Se Plaintiff